UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,  File No. 19-cr-00005 (ECT/SER)

    Plaintiff,

v.  **OPINION AND ORDER**

Shawn Kelly Thomason,

    Defendant.

---

This case presents the question of which statute, and therefore which standard, applies when a defendant moves to reopen the detention issue after pleading guilty and seeks release pending sentencing. Here, Defendant Shawn Kelly Thomason primarily relies on 18 U.S.C. § 3145(b) as authority for the Court to review and revoke the Magistrate Judge's order of detention. But that order for detention pending trial, entered pursuant to 18 U.S.C. § 3142, was superseded at the change-of-plea hearing by the Court's order of detention pending sentencing, entered pursuant to 18 U.S.C. § 3143. The proper basis for the Court to reconsider its own detention order, if at all, is § 3145(c), not § 3142(f)(2), § 3143, or § 3145(b). Under § 3145(c), Thomason has not "clearly shown that there are exceptional reasons" justifying release pending sentencing, so his motion will be denied.

I

On December 12, 2018, Thomason was charged by complaint with interstate stalking in violation of 18 U.S.C. § 2261A. ECF No. 1. At his initial appearance, the

Government requested that he be detained pending trial. ECF No. 4. Temporary detention was ordered by the presiding magistrate judge. ECF No. 6.

Magistrate Judge Steven E. Rau then held a detention hearing on December 20. ECF No. 12. Special Agent Drew Helms testified for the Government. *See* Detention Hearing Tr. at 3–48 [ECF No. 46-2]. Judge Rau noted during the hearing that the detention issue was a close one. *Id.* at 59 ("The Court has to admit that I'm quite torn on the issue of detention."). On one hand, Thomason had no criminal history whatsoever, and his stated reasons for visiting his ex-girlfriend were innocent. *Id.* But on the other hand, there was circumstantial evidence of "something much more nefarious," including GPS tracking devices, guns, a Faraday bag, and Thomason's written notes of plans. *Id.* at 59–60.

Ultimately, Judge Rau found probable cause and ordered Thomason detained pending trial pursuant to 18 U.S.C. § 3142(f)(2). *See* Dec. 26, 2018 Order of Detention at 3 [ECF No. 13]. He found that the evidence proffered at the hearing established, among other things, that Thomason (1) "traveled from his home in Hazel Park, Michigan, to Mankato, Minnesota, to place a GPS location tracker on the victim's car"; (2) possessed in his vehicle "Faraday bags designed to block cellular signals, a loaded handgun, and ammunition," items which were "circumstantial evidence of [his] criminal intent" and "of concern when considering [his] dangerousness to the community"; and (3) did not pose a risk of non-appearance at future proceedings. *Id.* at 2. Judge Rau determined that no condition or combination of conditions of release would reasonably assure the safety of the community. *Id.* Thomason did not immediately seek reconsideration by the magistrate judge, nor did he otherwise appeal to the district court judge.

On March 20, 2019, Thomason entered a plea of guilty. ECF No. 42. At that time, the Court did not hear testimony or argument on the detention issue. The Court remanded Thomason to the custody of the United States Marshal pursuant to 18 U.S.C. § 3143(a)(2). *See id.*; *see also* Mem. in Opp'n at 12 n.2 [ECF No. 49] ("The parties agree that interstate stalking is a crime of violence . . . such that a person convicted of that crime is subject to mandatory detention under § 3143(a)(2).").

Approximately one month later, on April 25, Thomason filed a "Motion to Reopen Detention Hearing." ECF No. 45. Despite his motion's title, what he appears to seek is a Court order releasing him pending sentencing. *Id.* at 1; Mem. in Supp. at 4–6 [ECF No. 46]. Sentencing is set for July 10, 2019. ECF No. 44.

II

A

Addressing Thomason's motion to reopen the detention hearing, which in substance is a motion for release pending sentencing, requires understanding the interaction of various sections of the Bail Reform Act. *See* 18 U.S.C. § 3141 *et seq.* Thomason identifies various statutory provisions that may entitle him to the relief he seeks, arguing that "[g]iven . . . the operative statutory scheme, there must be room for a district court to decide that a person such as [himself] should be released pending sentencing." Mem. in Supp. at 10. In his motion and accompanying brief, he expressly identifies § 3143, § 3145(b), and § 3145(c) as possible sources of authority. *See* Mot. at 1 (primarily invoking § 3145(b) and referencing release pursuant to § 3143); Mem. in Supp. at 6 ("[A]fter a guilty plea for an offense qualifying for mandatory detention, the proper analysis to determine whether a

3

person is to be released pending sentencing is . . . § 3145(c)."). And the title of his motion and his brief's references to the § 3142(c) factors suggest he might be invoking § 3142(f)(2), which itself expressly provides for reopening detention hearings. *See* Mot.; Mem. in Supp. at 4–5. The Government argues that none of these provisions entitle Thomason to release pending sentencing. *See* Mem. in Opp'n at 10–13.

Section 3142(f)(2) does not provide authority for the Court to reopen the detention issue. That provision, contained within a statute titled "Release or detention of a defendant pending trial," does expressly allow for the detention hearing to be "reopened." 18 U.S.C. § 3142(f)(2). It states a detention hearing "may be reopened . . . at any time *before trial*" if there is new information that has a material bearing on the detention issue. *Id.* (emphasis added). Here, Thomason's plea of guilty functions as an adjudication of guilt akin to a jury's finding at trial. Accordingly, Thomason's post-plea motion to reopen the detention hearing was not brought "before trial," and therefore cannot be considered under § 3142(f)(2). *See also United States v. Alston*, No. 1:13CR431-1, 2014 WL 701518, at *1 (M.D.N.C. Feb. 24, 2014) ("[B]ecause the defendant has pleaded guilty, he no longer retains a right to reopen his detention hearing."); Fed. R. Crim. P. 46(a)–(c) (stating that § 3142, together with § 3144, "govern[s] pretrial release" but § 3143 "govern[s] release pending sentencing").

Nor does anything in § 3143, titled "Release or detention of a defendant pending sentence or appeal," permit the Court to reconsider its own detention decision. There is no provision analogous to § 3142(f)(2) for "reopening" the issue. If anything, § 3143 suggests that the detention decision generally will be made a single time, either after a guilty verdict

4

or after the Court accepts the defendant's guilty plea. *See* 18 U.S.C. § 3143(a)(1)–(2). The only explicit exception to this seems to be that the Court should revisit the detention issue if the defendant or the Government "has filed an appeal or a petition for a writ of certiorari," which is not the case here. 18 U.S.C. § 3143(b)(1)–(2).

Whether § 3145 gives the Court authority to address the detention issue is less clear. Section 3145, titled "Review and appeal of a release or detention order," provides in relevant part:

> **(b) Review of a detention order.** If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> **(c) Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b)–(c).

As for § 3145(b), the primary provision Thomason cites in his motion, it does expressly provide the Court with authority to review, revoke, or amend a magistrate judge's detention order. Whereas § 3142(f)(2) allows the magistrate judge to reconsider his or her own decision, § 3145(b) allows a district court judge to review a magistrate judge's

5

decision. However, given the posture of Thomason's motion, it does not make sense to consider it under § 3145(b). Had Thomason sought review of the December 26, 2018 detention order before the Court accepted his plea of guilty, § 3145(b) would provide the authority for revisiting the detention issue. But Thomason brought his motion for release after the Court had already ordered him detained pending sentencing, which effectively superseded Magistrate Judge Rau's order detaining him pending trial. Because the operative order of detention comes from the Court, there is no longer a basis for reviewing an expired order of detention from the magistrate judge. *See also* Mem. in Opp'n at 10–11 ("By its terms, then, the pretrial detention order does not govern post-conviction detention and is currently inapplicable. A detention order that has expired can no longer be revoked or amended.").

Section 3145(c) states that "[a] person subject to detention pursuant to section 3143(a)(2)," like Thomason, "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." This exceptional-reasons basis for release pending sentencing is the most appropriate lens through which to view Thomason's motion. The Government takes the position that "[t]he Court should summarily dismiss Thomason's motion for lack of jurisdiction," essentially arguing that § 3145(c) only confers jurisdiction on appellate judges to entertain exceptional-reasons motions for release. Mem. in Opp'n at 13.

The Eighth Circuit has never squarely addressed the question, but it has cited with approval a district court order stating that "§ 3145(c) relief is *not* limited to reviewing

6

courts; district courts may release a defendant who has been convicted." *United States v. Mostrom*, 11 F.3d 93, 94 (8th Cir. 1993) (citation and internal quotation marks omitted); *see also United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) ("It is undisputed that [the defendant's] case is governed by 18 U.S.C. § 3143(a)(2), which requires him to be taken into custody immediately unless 'it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate.'" (quoting 18 U.S.C. § 3145(c))); *United States v. Corum*, No. 01-cr-236 (JRT/FLN), 2003 WL 21373219, at *3 n.1 (D. Minn. May 22, 2003) ("Some courts have held that district courts may not release a defendant pursuant to 18 U.S.C. § 3145(c). The weight of authority, however, holds that district courts do have such jurisdiction. The Eighth Circuit has not explicitly addressed this question, but it has . . . assumed without discussing that the district court had the jurisdiction to do so."). This is the majority view, and nearly every other circuit court that has taken up the issue has ruled that § 3145(c) confers jurisdiction on district court judges to revisit the detention issue. *See United States v. Meister*, 744 F.3d 1236, 1239 (11th Cir. 2013) (collecting cases); *United States v. Smith*, 34 F. Supp. 3d 541, 548–49 (W.D. Pa. 2014) (citing cases from the First, Second, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, in addition to the Eighth Circuit's *Mostrom* decision). The minority view is that only appellate judges may consider exceptional reasons for release under § 3145(c). *See, e.g.*, *United Stats v. Correia*, 17 F. Supp. 3d 125, 127 (D. Mass. 2014); *United States v. Chen*, 257 F. Supp. 2d 656, 665 (S.D.N.Y. 2003) ("[A] review of the text and structure of section 3145 compels the conclusion that a district court may not consider 'exceptional reasons' as a basis for release."); *United States v. Nesser*, 937 F. Supp. 507,

508–09 (W.D. Pa. 1996) (observing that paragraphs (a) and (b) explicitly refer to judicial decision makers "other than a Federal appellate court," but paragraph (c) omits this language).

The majority view appears to be the better reasoned, and the Eighth Circuit has at least implicitly endorsed this approach. To be sure, the statutory structure reasonably may be understood to permit only appellate judges to undertake the exceptional-reasons inquiry. *See also United States v. Price*, 618 F. Supp. 2d 473, 481 (W.D.N.C. 2008) (calling the placement of the exceptional-reasons provision "curious" and "possibly haphazard"). And the introductory clause of paragraph (c) "refers directly to statutes that address appeals from final orders of the district court." *Id.* But there is good reason to think that including the exceptional-reasons provision in paragraph (c) was an oversight of structure, not substance. First, the Bail Reform Act contains a definitions section stating that "the term 'judicial officer' means, unless otherwise indicated, any person or court authorized pursuant to section 3041 of this title . . . to detain or release a person before trial or sentencing or pending appeal in a court of the United States, and any judge of the Superior Court of the District of Columbia." 18 U.S.C. § 3156(a)(1). Section 3041, in turn, expressly includes district court judges. 18 U.S.C. § 3041; *accord* 18 U.S.C. § 3141(a)–(b). And nowhere does § 3145(c) "otherwise indicate[]" that "judicial officer" is limited to appellate judges. Second, it makes sense that a district court judge could reconsider his or her own detention decision pending sentencing in the same manner as a magistrate judge may reopen a detention decision pending trial. *See* 18 U.S.C. § 3142(f)(2). Third, it promotes judicial efficiency to allow for consideration by the district court judge familiar

with the case before flooding the appellate courts with fact-intensive detention decisions. It also promotes the interests of defendants, allowing another layer of reconsideration before formally pursuing appellate review.

B

Thomason has not "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). Thomason identifies the following "exceptional reasons" for release: (1) inadequate medical care; (2) a need to return to Michigan to care for his home and his cats; (3) a desire to avoid threatening behavior from other inmates; and (4) the opportunity to self-surrender, which would give him "a better chance of being placed in a lower security prison." Mem. in Supp. at 7–9.

None of these reasons meets the high threshold of being "exceptional." Thomason has not identified specific facts concerning his health situation that render it exceptional relative to whatever care he receives (or has not received) in custody. The conditions he cites are anxiety, panic attacks, migraines, hives, and seasonal affective disorder. Mem. in Supp. at 7. There is nothing in the record to suggest that these are unusual or unusually serious conditions, or that they require treatment that the Bureau of Prisons is unable to provide. *Cf. United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (stating circumstances under § 3145(c) must be "clearly out of the ordinary, uncommon, or rare" (citation and internal quotation marks omitted)); *United States v. Haugen*, No. 12-cr-305(2) (DSD/LIB), 2015 WL 2070703, at *2 (D. Minn. May 4, 2015) (denying release pending sentencing even where defendant had multiple sclerosis, a "serious" medical condition, and alleged she had been denied medications and medical treatment). Thomason's desire to

9

order his affairs by tending to his household and pets prior to sentencing is understandable but shared by many in his situation. The same may be said of his desire to avoid threatening behavior from other inmates and to receive the benefits of self-reporting. The fact that these are common concerns makes them unexceptional and insufficient to satisfy § 3145(c). *See Larue*, 478 F.3d at 925–26 (holding that the possibility of being "subjected to violence while in jail" does not justify release); *United States v. Haugen*, No. 12-cr-305(2) (DSD/LIB), 2014 WL 4722325, at *2 n.4 (D. Minn. Sept. 22, 2014) ("[P]ersonal reasons, including caring for a family . . . are not 'exceptional.'" (quoting *United States v. Green*, 240 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003))). Thomason's motion will therefore be denied.

### ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Reopen Detention Hearing [ECF No. 45] is **DENIED**.

Dated: May 21, 2019                      s/ Eric C. Tostrud
                                                        Eric C. Tostrud
                                                        United States District Court