6UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 19-cr-05 (ECT/SER) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Shawn Kelly Thomason, | |
| Defendant. | |

Defendant Shawn Kelly Thomason has filed two *pro se* motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  ECF No. 134; ECF No. 135.  On March 30, 2019, Thomason pleaded guilty to one count of interstate stalking in violation of 18 U.S.C. § 2261A(1).  He was sentenced to a 45-month term of imprisonment with the Bureau of Prisons ("BOP").  ECF No. 120.  Thomason's projected released date is February 16, 2022.  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited August 13, 2020).  Thomason seeks compassionate release due to health risks associated with the COVID-19 pandemic and because he is "subjected to cruel and unusual punishment" in FCI-Elkton, where he is currently confined.  ECF No. 134 at 1.  Thomason requests a reduction in sentence to time served or, alternatively, immediate transfer to home confinement.  *Id.*  Thomason's motions will be denied.

Under 18 U.S.C. § 3582(c)(1)(A), a court may grant compassionate release and reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—[] extraordinary and

compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement concerning prison sentence reductions under 18 U.S.C. § 3582(c)(1)(A) lists several examples of extraordinary and compelling reasons that justify a sentence reduction, including a defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In particular, a defendant's medical condition presents an "extraordinary and compelling" circumstance if the defendant is (1) "suffering from a terminal illness" or (2) "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A). The Sentencing Commission's policy statement also includes a catch-all provision allowing for the consideration of reasons "other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D). Defendants requesting compassionate release due to COVID-19 have been required to show both a "particularized susceptibility" to the virus and "a particularized risk of contracting the disease at his prison facility." *See United States v. Robinson*, 17-cr-318 (SRN), 2020 WL 4463363, at *5 (D. Minn. Aug. 4, 2020); *United States v. Miland*, No. 16-cr-0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting *United States v. Feiling*, No. 3:19cr112, 2020 WL 1821457, at *4 (E.D. Va. Apr. 10, 2020) (collecting cases)). A defendant bears the burden of showing she is entitled to a reduced term of imprisonment.

*United States v. Mork*, No. 17-cr-176 (SRN), 2020 WL 3026647, at *3 (D. Minn. June 5, 2020).[1]

Thomason has failed to establish "extraordinary and compelling reasons" warranting his release. It is true that FCI-Elkton was the site of a significant COVID-19 outbreak during which nine inmates died and has since been the subject of extensive litigation, but the situation there has improved. To recap, one group of inmates at FCI-Elkton filed a civil action against the warden on April 13, 2020, seeking the release of medically vulnerable inmates. *See* Pet., *Wilson v. Williams*, No. 20-cv-794 (N.D. Ohio Apr. 13, 2020), ECF No. 1. During the lawsuit, the warden was ordered to identify a subclass of all inmates at FCI-Elkton "who, because of age or preexisting medical condition, are at a high risk of serious illness or death" due to the COVID-19 outbreak. Order, *Wilson*, No. 20-cv-794 (N.D. Ohio Apr. 17, 2020), ECF No. 10. The *Wilson* court then granted preliminary injunctive relief, requiring the BOP to identify subclass members for compassionate release and transfer out of FCI-Elkton. *Wilson v. Williams*, ___ F. Supp. 3d __, No. 4:20-cv-00794, 2020 WL 1940882, at *6, *10–11 (N.D. Ohio Apr. 22, 2020), *vacated* 961 F.3d 829 (6th Cir. 2020). On interlocutory appeal, the Sixth Circuit

---

[1] Before seeking relief from a district court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A). Thomason has satisfied this requirement. He requested compassionate release from the warden of FCI-Elkton on May 1, 2020, citing unsafe conditions posed by the COVID-19 pandemic. ECF No. 134-5 at 2. The warden denied the request that same day, and more than thirty days have passed since the denial. *Id.* at 3. Thomason filed a pro se motion for compassionate release under 18 U.S.C. § 3582 on June 25, 2020, and a supplemental motion for compassionate release on July 28, 2020. ECF No. 134; ECF No. 135.

acknowledged the "substantial risk of serious harm" faced by inmates at FCI-Elkton during the outbreak, but lifted the preliminary injunction, finding that prison officials had responded reasonably to the risks of COVID-19, and were therefore unlikely to be found deliberately indifferent in violation of the Eighth Amendment.  *Wilson v. Williams*, 961 F.3d 829, 840–41 (6th Cir. 2020).  BOP officials implemented a six-phase plan to combat the outbreak at FCI-Elkton, which included "screening for symptoms, educating staff and inmates, cancelling visitation, quarantining new inmates, implementing regular cleaning, providing disinfectant supplies, and providing masks."  *Id.* at 841.  Back in the Northern District of Ohio, the *Wilson* court now receives near-daily status reports detailing test results in FCI-Elkton and has ordered the warden to provide updates on steps being taken to segregate inmates and otherwise mitigate the outbreak.  These status reports are encouraging, with fewer than six positive tests reported among inmates since July 27.  *See* Status Reports, *Wilson v. Williams*, No. 20-cv-794 (N.D. Ohio), ECF Nos. 165–169, 171–173, 175–184, 186; *see also* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited August 14, 2020).

Nor do Thomason's personal circumstances warrant release.  According to a medical report, Thomason tested positive for COVID-19 on May 30, 2020.  ECF No. 134-6 at 2.  That he has had the disease lessens the chances he will contract it again.  Katherine J. Wu, *Scientists See Signs of Lasting Immunity to COVID-19, Even After Mild Infections*, N.Y. Times, Aug. 17, 2020, https://www.nytimes.com/2020/08/16/health/coronavirus-immunity-antibodies.html.  That science aside, Thomason has not shown that his medical condition places him at particular risk if he were to contract the disease a second time.

4

Thomason admits to being in "relatively good health," but he also claims to be at serious risk of experiencing medical complications due to a history of asthma and "numerous occasions" on which he has experienced chest pains. ECF No. 135 at 7. He also describes experiencing a lingering inability to taste or smell. ECF No. 134 at 3, 5. Thomason's history of asthma is undocumented. *See* ECF No. 135-1 at 16; ECF No. 134-3; *see also Robinson*, 2020 WL 4463363, at *5 (denying compassionate release where medical record did not support claims of asthma); *Miland*, 2020 WL 3249259, at *4 (denying compassionate release where inmate provided no medical documentation). Regardless, courts generally have found that asthma alone is not a medical condition constituting an extraordinary and compelling reason warranting release, *see, e.g.*, *United States v. Muhlenhardt*, 2020 WL 4697112, at *4 (D. Minn. Aug. 13, 2020) (finding risks posed by asthma alone are "insufficient to warrant release"), and Thomason has identified nothing about the relative severity of his asthma condition that places him at particular risk. No medical evidence identifies Thomason's chest pains or connects them to a particular risk associated with COVID-19. Nor does Thomason's age (41) indicate a particularized susceptibility. Those ages 40 to 49 are hospitalized at a rate of only 84.6 per 100,000 people, or less than 0.1 percent. Ctrs. for Disease Control & Prevention, *Older Adults*, Coronavirus Disease 2019: People at Increased Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Aug. 16, 2020). Finally, among the inmates in FCI-Elkton, Thomason was not identified as a vulnerable individual during the pending *Wilson* lawsuit, further

weighing against a finding of particularized susceptibility. Resp., *Wilson*, No. 20-cv-794, ECF No. 11.

If Thomason could meet his burden to demonstrate an extraordinary and compelling reason, a sentencing reduction would not be consistent with the Sentencing Commission's policy statement or the relevant sentencing factors. *See* 18 U.S.C. § 3553(a). Most critically, Thomason has not demonstrated that he poses no risk of danger to the community if released. *See* U.S.S.G. § 1B1.13(2) (requiring the court to find "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"). The circumstances of Thomason's offense were alarming. Thomason went to considerable lengths to stalk his victim. He attached GPS devices to her car and made four interstate trips to surveil her. He was arrested in possession of a cache of weapons and tactical devices, including a loaded handgun, stun guns, a knife, and loaded magazines. *See* Statement of Reasons § VIII [ECF No. 73] at 4.[2]

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF Nos. 134 and 135] is **DENIED** without prejudice.

---

[2] Thomason's request to be placed on home confinement will be denied because the authority to determine the placement of prisoners, including placement on home confinement, rests solely with the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2); *United States v. Sesay*, No. 16-cr-265(1) (ADM/HB), 2020 WL 3259214, at *1 (D. Minn. June 16, 2020); *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *2 (D. Minn. May 14, 2020); *United States v. Brown*, No. 12-cr-172(3) (SRN), 2020 WL 1922567, at *2–3 (D. Minn. Apr. 21, 2020).

Dated:  August 21, 2020        s/ Eric C. Tostrud  
                                            Eric C. Tostrud  
                                            United States District Court