UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-05 (ECT/SER) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Shawn Kelly Thomason, | |
| Defendant. | |

---

Defendant Shawn Kelly Thomason has filed a *pro se* motion to enlarge the record, seeking to "correct legal theories and the record." Def. Mot. [ECF No. 139] at 1. The Government opposes the motion. ECF No. 141. Thomason's motion will be denied.

I

On March 30, 2019, Thomason pled guilty to interstate stalking, in violation of 18 U.S.C. § 2261A(1). Thomason was sentenced in July 2019 to 45 months' imprisonment and a three-year term of supervised release. ECF No. 72. Thomason has appealed, challenging the conviction and sentence. *United States v. Thomason*, Nos. 19-2537, 19-3702, 20-1230. That appeal is pending and has been briefed to the Eighth Circuit.

Thomason's Presentence Report recommended a four-level offense increase due to the presence of multiple aggravating factors under U.S.S.G. § 2A6.2(b)(1). PSR [ECF No. 55] ¶ 34. Specifically, Thomason's offense involved both "possession, or threatened use, of a dangerous weapon" and "a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim." U.S.S.G. § 2A6.2(b)(1)(D), (E); *see* PSR ¶ 34.

In addition to the four-level offense increase, the Government requested either an upward variance or an upward departure pursuant to U.S.S.G. § 2A6.2, comment n.5, which may be imposed to "adequately reflect the extent or seriousness of the conduct involved," such as where "the defendant stalked the victim on many occasions over a prolonged period of time." *See* ECF No. 57 at 13–19.  The Government's requests for both a four-level offense increase and an additional upward variance were granted.  *See* ECF No. 73.

Thomason challenges the Court's reliance on certain evidence submitted by the Government in its sentencing briefing.  In requesting the four-level offense increase under U.S.S.G. § 2A6.2(b)(1), the Government averred that Thomason "researched ways to track Facebook log-ins," and "tried to hack [the victim's] Facebook account to learn, among other things, her IP location and account password." ECF No. 57 at 4, 13; *see also* Revised PSR [ECF No. 71] ¶¶ 22, 25, 34.  The Government submitted two screenshots taken from Thomason's cell phone that appear to depict an attempt to hack the victim's Facebook account.  ECF No. 57-2 at 6–7.  Thomason now moves the Court to "enlarge the record and correct legal theories on the record" with regard to these screenshots.  Def. Mot. at 1. In an affidavit filed with his motion, Thomason contends that the screenshots from his cell phone were taken out of context because they were really a joke, and that Thomason could not possibly have circumvented Facebook's security features.  Def. Aff. [ECF No. 139-1] at 3.  Therefore, Thomason claims, the Court abused its discretion at sentencing by considering the screenshots as evidence of relevant conduct under U.S.S.G. § 1B1.3.  Def. Mot. at 1.  Thomason has filed with his motion an exhibit containing the screenshots, ECF No. 139-3, and an exhibit labeled "Facebook Pictures," ECF. No. 139-2, containing images

2

Thomason claims "were obtained while friends [with the victim] on Facebook," Def. Aff. at 3.

II

First, Thomason's motion is denied insofar as it seeks new factual or legal findings concerning the sentence. Thomason's appeal of the sentence is pending before the Eighth Circuit. This Court is therefore without subject-matter jurisdiction to adjudicate matters related to Thomason's sentence. *See, e.g., United States v. Webster*, 797 F.3d 531, 537 (8th Cir. 2015) (filing of notice of appeal divests district court of jurisdiction over those aspects of case involved in appeal).

Alternatively, Thomason's motion could be construed as a motion to correct or modify the record under Federal Rule of Appellate Procedure 10(e). Under limited circumstances, Rule 10(e) permits a district court to correct or modify the record while a matter is on appeal. Those circumstances are not present here. First, a district court may settle disputes and modify the record where "difference arises about whether the record truly discloses what occurred in the district court." Fed. R. App. P. 10(e)(1). Second, a district court may correct and supplement the record to be certified and forwarded to a court of appeals where "anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). "All other questions as to the form and content of the record must be presented to the court of appeals." Fed. R. App. P. 10(e)(3).

Thomason does not contend that the record fails to disclose what truly occurred in the district court; nor that relevant evidence has been erroneously or accidentally omitted

3

or misstated. Rather, Thomason is challenging the Court's consideration of certain evidence submitted by the Government at sentencing. Def. Mot. at 1. He has also filed an affidavit and exhibits in an apparent attempt to "enlarge the record." While Rule 10 permits the correction of errors or mistakes in the record, it is not a means of introducing new evidence in the court of appeals to collaterally attack a district court's judgment. *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848–49 (6th Cir. 2020); *Gallo v. Mayo Clinic Health System-Franciscan Med. Ctr., Inc.*, 907 F.3d 961, 964–65 (7th Cir. 2018); *United States v. Pagan-Ferrer*, 736 F.3d 573, 582–83 (1st Cir. 2013); *In re Application of Adan*, 437 F.3d 381, 388 n.3 (3d Cir. 2006); *United States v. Page*, 661 F.2d 1080, 1081–82 (5th Cir. 1981); *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1981); *United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir. 1979). Thus, Thomason "cannot rely on these documents as evidentiary support for . . . arguments on appeal because they are not part of the trial record."[1] *Adeli v. Silverstar Auto., Inc.*, 960 F.3d 452, 462 n.6 (8th Cir. 2020); *Paul v. United States*, 534 F.3d 832, 847 n.7 (8th Cir. 2008). Thomason's motion, insofar as it seeks to correct, modify, or otherwise supplement the record, will be denied.

---

[1] The record on appeal includes "the original papers and exhibits filed in the district court." Fed. R. App. P. 10(a). The images contained in Exhibit 3 to Thomason's motion were submitted by the Government with its sentencing briefing, *see* ECF No. 57-2 at 6–7, and are therefore already apart of the record on appeal.

4

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant's Motion to Enlarge the Record [ECF No. 139] is **DENIED.**

Date: September 14, 2020

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court