UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-05 (ECT/SER) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Shawn Kelly Thomason, | |
| Defendant. | |

_____

Shawn Kelly Thomason, *pro se*.

Emily Polachek, United States Attorney's Office, Minneapolis, MN, for Plaintiff, the United States of America.

---

Defendant Shawn Kelly Thomason has filed two *pro se* motions for return of property under Federal Rule of Criminal Procedure 41(g). Def.'s Mot. [ECF No. 136]; Def.'s Suppl. Mot. [ECF No. 138]. Thomason seeks an order directing the Government to return property seized during the investigation of Thomason's criminal activities—specifically a Garmin GPS unit, a Samsung Galaxy cell phone, and computer hard drives. Def.'s Mot. at 3, 5; *see* Def.'s Suppl. Mot. at 1. Thomason also seeks declaratory relief. Def.'s Mot. at 5. The Government opposes the motions. Gov't Br. [ECF No. 147]. Thomason's motions will be denied insofar as they seek return of the Garmin GPS unit and Samsung Galaxy cell phone because, certainly for the time being, the Government lawfully possesses these items. The factual record is not sufficient to allow a ruling on Thomason's motion for return of the hard drives. The Government says it returned the hard drives to

Thomason's designee, but the record doesn't show that happened beyond dispute. Thomason's request for declaratory relief will be denied because the declarations Thomason seeks are not tethered to a claim and are broad pronouncements that would not redress any harm Thomason has identified.

I

On March 30, 2019, Thomason pled guilty to interstate stalking in violation of 18 U.S.C. § 2261A(1); ECF No. 42.  Thomason was sentenced in July 2019 to 45 months' imprisonment and a three-year term of supervised release.  ECF No. 72.  Thomason was also ordered to pay $8,606.44 in victim restitution.  *See* Second Am. Sentencing J. at 6–7 [ECF No. 120].  Thomason has appealed, challenging both the conviction and the sentence. *See United States v. Thomason*, Nos. 19-2537, 19-3702, 20-1230 (8th Cir.).  That appeal is pending before the Eighth Circuit Court of Appeals.

The Government seized property from Thomason during its investigation. Thomason's initial motion describes various items that Thomason alleges were seized and either (1) wrongfully withheld or (2) returned in a damaged condition.  *See* Def.'s Mot. at 2–5.  In the first category, Thomason claims the Government seized and has unlawfully withheld a Garmin GPS unit, Samsung Galaxy cell phone with PNY 64GB MicroSDXC Card, and "all remaining hard drives, external or otherwise."[1]  *Id.* at 2–3; *see also* Def.'s

---

[1] Thomason's initial motion claimed that the Government had withheld other items, including a Sony DSLR camera with SD camera cards, an LG Tablet, a Dell XPS 13 Ultrabook Laptop, USB flash drives in a Case Logic USB case, and certain files or "digital property" stored on seized devices.  Def.'s Mot. at 2–3, 5.  Thomason's supplemental motion seems to acknowledge that these items have been returned.  Def.'s Suppl. Mot. at 1.  Thomason's motion for return of property is therefore understood to be limited to (1)

2

Reply Br. at 1 [ECF No. 149]. Thomason seeks return of these items. In the second category are computers and hard drives that Thomason says the Government shipped "from Michigan to Minnesota and back haphazardly, in boxes with no padding or packing foam," damaging the items to the point of inoperability. Def.'s Mot. at 4–5. With respect to these items, Thomason requests a judgment "declaring that Thomason's property and employment are fundamental liberty interests" and that "Thomason was not, and is not, as a condition of the court's sentence, subject to damage to personal property, or the irreparable damage thereof." *Id.* at 5.

The Government argues that Thomason's Rule 41(g) motion should be denied. The Government says it properly retains possession of the unreturned items because it "has a continuing evidentiary interest in the property," because Thomason may not be entitled to the property due to a restitution lien, and because certain withheld items are contraband. Gov't Br. at 1. The Government argues that Thomason's requests for declaratory relief in connection with the returned-but-damaged computers and hard drives must be denied because Thomason's exclusive remedy for the damage to this equipment is a separate civil action brought under the Federal Tort Claims Act. *Id.* at 5.

II

Federal Rule of Criminal Procedure 41(g) allows a person whose property has been seized by the Government to petition the district court for its return. *Jackson v. United*

---

the Garmin GPS unit, (2) Samsung Galaxy cell phone with PNY 64GB MicroSDXC Card, and (3) the "remaining hard drives," which contain "irreplaceable files such as Thomason's entire history of school work, research, family and cat pictures, and music." Def.'s Mot. at 3, 5.

3

*States*, 526 F.3d 394, 396 (8th Cir. 2008).  "Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." *United States v. Hunt*, No. 14-cr-314(4) (RHK/JSM), 2016 WL 8970339, at *2 (D. Minn. Dec. 16, 2016) (quoting *Thompson v. Covington*, 47 F.3d 974, 975 (8th Cir. 1995) (per curiam)).  The Eighth Circuit has established a burden-shifting approach for resolving motions to return property under Rule 41(g).  First, the movant must establish a "lawful entitlement to the property." *Jackson*, 526 F.3d at 396.  The government then must "establish a legitimate reason to retain the property." *Id.* at 397.  The motion "'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *Id.* (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)).  Rule 41(g) states that a district court "must receive evidence on any factual issue necessary to decide the motion." *See*, *e.g.*, *United States v. Willson*, 8 F. App'x 593, 595–96 (8th Cir. 2001) (per curiam) (finding district court erred by not receiving evidence despite government's claim that it no longer possessed property).  "Where there is a fact dispute regarding who has custody or is entitled to possession of the subject property, the court must hold a hearing to determine those issues." *United States v. Timley*, 443 F.3d 615, 625 (8th Cir. 2006).  "But no evidentiary hearing is required when it is apparent that the person seeking a return of the property is

not lawfully entitled to own or possess the property." *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020) (quotation and alteration omitted).[2]

The record shows beyond any dispute that the Government has two legitimate reasons to retain the Garmin GPS unit and Samsung Galaxy cell phone.[3]

*First*, the Government has a continuing evidentiary interest in these items pending resolution of Thomason's appeal. The Government's continuing evidentiary interest in property is a proper basis to deny a Rule 41(g) motion. *See, e.g.*, *Jackson*, 526 F.3d at 397; *Vanhorn*, 296 F.3d at 719. It doesn't matter whether the Government actually relied on either item during district-court proceedings. As the Government explained in its brief, "some of the items in [its] possession were not used in the previous proceedings" and others "have not yet been analyzed" because Thomason pleaded guilty "while the Government's

---

[2] The precise standard a district court should apply to adjudicate a Rule 41(g) motion is not clear. *Timley*'s statement that the presence of "a fact dispute" requires an evidentiary hearing suggests the standard for deciding a contested Rule 41(g) motion is the same one federal courts apply when adjudicating a summary-judgment motion under Federal Rule of Civil Procedure 56. Some courts have taken this approach. *See, e.g.*, *United States v. Hall*, No. 16-cr-68, 2020 WL 3254530, at *1 (E.D. La. June 16, 2020); *Ford-Bey v. United States*, No. 19-cv-2039 (BAH), 2020 WL 32991, at *14 n.18 (D.D.C. Jan. 2, 2020); *Carter v. United States*, No. 4:02CV01256 ERW, 2005 WL 4026112, at *3 (E.D. Mo. May 9, 2005). At the same time, however, the Eighth Circuit has never said specifically that the civil summary-judgment standard applies to Rule 41(g) motions, and *Howard*'s direction that an evidentiary hearing is not required if it is "apparent" that a claimant has no right to possess disputed property seems imprecise and casts some doubt on the question. "Apparency" isn't the same thing as the absence of a fact dispute. It seems less demanding. At least for the time being, however, the law so plainly provides an answer to Thomason's motion that the standard of review doesn't matter.

[3] No doubt Thomason has carried the initial burden of showing a lawful entitlement to the withheld property. Thomason has "show[n] that the property was seized from [Thomason's] possession," and "a person from whom property is seized is presumed to have a right to its return." *Jackson*, 526 F.3d at 396.

5

investigation was still active and awaiting forensic analyses." Gov't Br. at 3. If Thomason's conviction or sentence is vacated, the Government points out, it may then choose to resume its investigation and "make a more fulsome presentation of the evidence against Thomason," and this presentation may include evidence discovered through the GPS unit and Samsung Galaxy cell phone. *Id.* at 3–4. In other words, the Garmin GPS unit and Samsung Galaxy cell phone may contain evidence of Thomason's crime. *See* Def.'s Mot., Ex. 4 at 2 [ECF No. 136-4]; Revised PSR ¶ 10 [ECF No. 71]. Return of these items "during the pendency of [Thomason's] appeal would [therefore be] premature." *United States v. Bailey*, 206 F. App'x 650, 654 (8th Cir. 2006) (per curiam); *see also United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212–13 (10th Cir. 2001).

*Second*, if affirmed on appeal, then a valid restitution order entered as part of Thomason's sentence gives the Government a sufficient claim of ownership to defeat Thomason's Rule 41(g) motion. Thomason was ordered to pay $8,606.44 in restitution to the victim. *See* Second Am. Sentencing J. at 6–7. An order of restitution imposed under 18 U.S.C. § 3663A "is a lien in favor of the United States on all property and rights to property" of Thomason that "ar[ose] on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated[]." 18 U.S.C. § 3613(c). As a general rule, therefore, an outstanding restitution judgment is a valid basis to deny a motion for return of property. *See Vanhorn*, 296 F.3d at 719; *United States v. Braun*, 99 F.3d 1144 (8th Cir. 1996) (unpublished table decision); *United States v. Wallace*, 213 F. App'x 98, 99 (3d Cir. 2007); *Lavin v. United States*, 299 F.3d 123, 127–28 (2d Cir. 2002). Thomason identifies no reason—and none is apparent—why the outstanding

restitution judgment does not give the Government a sufficient justification to retain possession of the Garmin GPS unit and Samsung Galaxy cell phone. Of course, this issue must be revisited if the Eighth Circuit does not affirm the restitution component of Thomason's sentence.

The Government's third argument to support its continued possession of the Garmin GPS unit and Samsung Galaxy cell phone—that the items are derivative contraband— seems to raise important legal and factual questions the current record does not answer. "Derivative contraband is property that may be lawfully possessed but which became forfeitable because of unlawful use." *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000) (alterations omitted) (quoting *United States v. Eighty-Eight Thousand, Five Hundred Dollars*, 671 F.2d 293, 297 n.8 (8th Cir. 1982)), *abrogated on other grounds*, *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015). Items are derivative contraband if "in fact utilized or intended to be utilized" to facilitate the offense of conviction. *Felici*, 208 F.3d at 671; *see Howard*, 973 F.3d at 895–96 (affirming denial of Rule 41(g) motion because defendant "had no cognizable claim to . . . video surveillance equipment" that was derivative contraband used in criminal conspiracy); *United States v. Bailey*, No. 03-cr-370 (ADM/AJB), 2009 WL 4730766, at *2 (D. Minn. Dec. 4, 2009) (denying return of cell phone and photographs used to facilitate and promote illegal prostitution business as derivative contraband), *aff'd in relevant part*, *United States v. Bailey*, 407 F. App'x 74, 75 (8th Cir. 2011) (per curiam).

The record evidence suggests strongly—*i.e.*, it is apparent—that Thomason utilized or intended to utilize the Garmin GPS unit and Samsung Galaxy cell phone to facilitate

7

interstate stalking and, therefore, that these items are derivative contraband. Thomason pleaded guilty to interstate stalking by "travel[ing] in interstate commerce with the intent to harass, intimidate, or place under surveillance with the intent to harass or intimidate [the victim] . . . and in the course of and as a result of such travel and presence, engaged in conduct that cause[d], attempted to cause, and would be reasonably expected to cause the victim substantial emotional distress[.]" Plea Agmt. ¶ 2 [ECF No. 43]; *see* 18 U.S.C. § 2261A(1). Thomason traveled from Michigan to Minnesota at least four times to surveil the victim. Revised PSR ¶¶ 23–24. Thomason attached GPS devices to the undercarriage of the victim's car, which allowed Thomason to monitor the victim's location and movements. *Id.* ¶¶ 9, 12, 23–25. Law enforcement seized the Garmin GPS unit and the Samsung Galaxy cell phone from Thomason during Thomason's fourth trip to Minnesota, together with an alarming cache of other items used to stalk the victim, including other cell phones, Faraday bags, hidden cameras, a loaded handgun and magazines, stun guns, a folding knife, and other tactical devices. *See* Def.'s Mot., Ex. 4 at 2; Revised PSR ¶ 10. The Garmin GPS unit was recovered with a "suction mount . . . during Thomason's arrest," after Thomason had affixed GPS devices to the underside of the victim's car. Def.'s Mot., Ex. 4 at 2; *see* Revised PSR ¶¶ 9–10. The Samsung Galaxy cell phone was recovered from the center console of Thomason's rental car with two Faraday bags. Def.'s Mot., Ex. 4 at 2; Revised PSR ¶ 10. No doubt it is reasonable to think that Thomason probably used or intended to use the Garmin GPS unit to facilitate interstate travel and, in tandem with the GPS trackers Thomason placed on the victim's car, to track the victim's movements. That Thomason possessed the GPS unit and Samsung Galaxy cell phone during the commission

8

of the offense, that the items' usefulness aligns with the nature of the offense, and that the items were found in immediate proximity to admitted contraband all justify the conclusion that Thomason apparently used or intended to use the items to commit the crime.

The problem is that it is not clear whether this conclusion is subject to reasonable fact disputes that might—if this issue turns out to matter—require an evidentiary hearing. The Parties' submissions do not address the precise legal standard to be applied. Is it the civil summary-judgment standard from Rule 56 or something else? If it is something else, is the standard less demanding than Rule 56? (It's hard to imagine how it might be more demanding.) Depending on the standard applied, is the evidence sufficient to decide Thomason's motion without an evidentiary hearing? Does the evidence of Thomason's mere possession of these items mid-crime show beyond any reasonable dispute at least that Thomason intended to use these items to facilitate commission of the offense? Or must the Government submit evidence showing more—for example, that Thomason actually used each of the items to facilitate the crime? Ruling on the Government's derivative-contraband argument without first addressing these questions seems unwise. Therefore, Thomason's motion will not be denied on this basis at this time.

### III

The hard drives raise a different question. The Government says that it returned "both computer towers *and* the hard drives that Thomason has requested in the pending motions." Gov't Br. at 3. Thomason disputes this contention. According to Thomason, "the hard disk drives have most certainly not been returned with the Corsair tower. At present, [the tower] remains destroyed in a shipping box . . . *less the hard drives in question*

(one Samsung SSD and three Western Digital 500 GB Enterprise HDDs in a RAIDS array)." Def.'s Reply Br. at 2 (emphasis added). These hard drives contain files which Thomason describes as "irreplaceable." Def.'s Mot. at 5.

The Government has not shown that it returned the hard drives Thomason seeks. The Government submitted two exhibits to support its claim that it returned the hard drives. The first is a form that Thomason completed on July 20, 2019. The form authorized the FBI's Minneapolis division to release specific items of Thomason's seized property to a designated recipient in Michigan. *See* Gov't Ex. 1 [ECF No. 147-1]. Relevant here, the list of nineteen items included a "Corsair computer tower," an "external hard drive," and "13 External drives." *Id.* The second exhibit is a Federal Express proof-of-delivery receipt establishing that a delivery was made from Minneapolis to Thomason's designated recipient on July 29, 2019. Gov't Ex. 2 [ECF No. 147-2]. The Government asserts in its brief that "[c]onsistent with [Thomason's] request and the agency's standard operating procedures, the FBI packaged and sent [each of] the enumerated items to the designated individual[.]" Gov't Br. at 2. No document shows that the items on Thomason's list were shipped or returned to Thomason's designee. The form Thomason completed shows only what items he authorized to be returned to a designated recipient; the form does not show that the items were returned. The Federal Express receipt shows a delivery, but not what was delivered. There is no packing slip, for example. There is no declaration or affidavit attesting to shipment or return of the hard drives. This evidence does not justify a without-hearing denial of Thomason's motion insofar as the hard drives are concerned. *See United States v. Lainfiesta-Areyanos*, 373 F. App'x 659, 660–61 (8th Cir. 2010) (per curiam);

*United States v. Uribe-Londono*, 238 F. App'x 628, 630–31 (1st Cir. 2007) (per curiam) (reversing denial of Rule 41 motion and remanding for further proceedings where government offered only "unsworn and unsubstantiated assertions"); *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994) ("Although it appears from the record that [the designated recipient] received the luggage sent to him, inasmuch as the return receipt for the property bears a signature that appears to be his, there is no evidence that the luggage sent to [him] was that seized from [the defendant].").

IV

Thomason's requests for declaratory relief will be denied because they are not connected to a claim and because, if granted, they would not redress Thomason's alleged injury. Thomason seeks declarations "that Thomason's property and employment are fundamental liberty interests" and "that Thomason was not, and is not, as a condition of the court's sentence, subject to damage to personal property, or the irreparable damage thereof[.]" Def.'s Mot. at 5. "A declaratory judgment is a remedy, not a cause of action." *Wolff v. Bank of N.Y. Mellon*, 997 F. Supp. 2d 964, 979 (D. Minn. 2014). But Thomason asserts no cause of action here beyond Rule 41(g). Rule 41(g)'s text permits a court to "return the property to the movant." The rule does not clearly authorize declaratory relief. If Rule 41(g) did authorize declaratory relief, Thomason does not explain how the requested declarations might add anything. "The remedy of declaratory relief, like all remedies, is not appropriate in every case and generally should not be awarded when it 'will not be effective in settling the controversy.'" *City of Wyoming v. Procter & Gamble Co.*, 210 F. Supp. 3d 1137, 1155 n.5 (D. Minn. 2016) (quoting Fed. R. Civ. P. 57 advisory

11

committee's note). "[T]he declaratory judgment plaintiff must seek 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). The declarations Thomason seeks are broad legal pronouncements that would settle no controversy between the Parties or remedy any harm Thomason claims to have suffered.

Evidently in response to Thomason's requests for declaratory relief and assertions that Thomason's property was damaged, the Government argues that "[t]o the extent Thomason is asserting a claim . . . for the allegedly damaged property," such claims should be dismissed, as they "must be brought as a civil action under the Federal Tort Claims Act." Gov't Br. at 5 n.2. The Government may be correct regarding the source of Thomason's damages claim, but Eighth Circuit cases suggest this is not a reason to dismiss a claim. In cases where defendants have been denied relief under Rule 41, the Eighth Circuit has remanded for district courts to exercise equitable jurisdiction to "grant . . . movant[s] . . . an opportunity to assert an alternative claim for money damages" under statutes that waive sovereign immunity, including the Federal Tort Claims Act. *Jackson*, 526 F.3d at 398 (quoting *United States v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001)).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Shawn Kelly Thomason's Motion for Return of Personal

Property [ECF No. 136] and Supplemental Motion for Return of Personal Property [ECF No. 138] are **DENIED IN PART** and **HELD IN ABEYANCE IN PART** as follows:

1. Thomason's motions are **DENIED** without prejudice to the extent Thomason seeks return of the Garmin GPS and Samsung Galaxy cell phone with PNY 64GB MicroSDXC Card.[4]

2. Thomason's motions are **DENIED** with prejudice to the extent Thomason seeks declaratory relief.

3. Thomason's motions are **HELD IN ABEYANCE** to the extent Thomason seeks return of computer hard drives.

4. Within 30 days after the Eighth Circuit issues its mandate on Thomason's appeals, the Government shall file a status report describing, among any other issues it may wish to address, its position regarding how best to proceed on Thomason's Rule 41(g) motion.  Thomason will be given an opportunity to respond to the Government's submission, and a deadline for Thomason's response will be established after the Government files its submission.

Dated:  December 1, 2020            s/ Eric C. Tostrud
                                    Eric C. Tostrud
                                    United States District Court

---

[4] This denial is without prejudice to Thomason seeking return of these items when the Government's evidentiary interest terminates and if either the Government's restitution lien terminates or it becomes apparent that the restitution judgment, even if affirmed, does not give the Government a sufficient justification to retain possession of these items.